[S. F. No. 1077.   Department One.—July 24, 1899.]

HENRY LANZ, Respondent, v. FRESNO LOAN and SAV-
INGS BANK, Appellant.

BANK—LIQUIDATION UNDER ADVICE OF BANK COMMISSIONERS—CON-
TROL OF OFFICERS—ACTION BY DEPOSITOR.—The closing of the
doors of a bank, and the liquidation of its affairs under the con-
trol of its officers by the advice of the bank commissioners, in
the absence of any proceedings, taken under the banking act,
is no defense to an action by a depositor, who has been wholly
neglected in the distribution of its assets, to recover the amount
of his deposit.

ID.—STOPPAGE OF PAYMENT—RIGHT OF ACTION—BY-LAW AS TO
NOTICE—CASE FOLLOWED.—The stoppage of payment by the
bank gave a right of action to the plaintiff for the recovery of
his deposit, without regard to compliance on his part with a by-
law requiring notice to be given to the bank of the intended
withdrawal of moneys deposited. *Mitchell v. Beckman*, 64 Cal.
117, approved and followed.

APPEAL from a judgment of the Superior Court of Fresno
County. J. R. Webb, Judge.

The facts are stated in the opinion of the court.

Horace Hawes, for Appellant.

L. L. Cory, for Respondent.

GAROUTTE, J.—Plaintiff brought this action to recover
from the defendant certain sums of money deposited with it.
The answer alleged that the deposits were made under and in
accordance with a by-law of the defendant which required notice
to the bank of any intended withdrawal of moneys deposited.
It was further alleged that the defendant was visited by the bank
commissioners, who required the defendant to levy an assess-
ment upon its capital stock of ten dollars per share, and use the
funds thus raised in the conduct of its business; that defendant
refused to comply with this direction, and the bank commis-
sioners "advised and directed defendant to liquidate and wind
up its affairs"; that defendant closed its doors to all new business
and proceeded to wind up its affairs, and is still doing so under
the direction of said bank commissioners.

The court, after finding in substance the foregoing facts, further found: "That at all times since the defendant closed its doors the officers of the bank have had entire charge and control of the collection of all debts, securities, and assets, and the disbursement of the same, and a large amount of money has been since said time collected by the officers of said bank and disbursed to various depositors; and securities have, from time to time, been turned over to creditors of the bank in payment of their claims; that no payment has been made to plaintiff, but that defendant has, however, from time to time, received advices and instructions from the bank commissioners." From the foregoing facts the court declared, as a conclusion of law, that plaintiff was entitled to judgment, which was accordingly entered, and this appeal is taken therefrom.

There is no question raised as to the validity of the indebtedness of the bank to plaintiff, but it is insisted upon the part of the bank that it is in process of liquidation, and therefore cannot be sued by a depositor. In view of the findings of fact made by the trial court to the effect that the bank had collected and disbursed to various depositors large sums of money, and that securities have been, from time to time, turned over to various creditors of the bank in payment of their claims, and that plaintiff has been entirely overlooked in the making of these disbursements, it would seem that there should be some legal remedy which he might invoke to secure his rights. We see no importance to be attached to the demand of the bank commissioners that the bank levy an assessment of ten dollars per share upon its stock, and a refusal upon its part to comply with the demand. That matter appears to be wholly immaterial here. Neither do we attach any importance to the mere advice or direction of the bank commissioners given to the bank to wind up its affairs. We do not see that the bank stands in a different position as to the law when it proceeds to liquidate upon the advice and direction of the commissioners to that end, from that which it occupies, when, realizing its unfortunate condition, it proceeds to liquidate without advice or direction.

The banking act (Stats. 1887, sec. 11) provides that whenever a bank refuses to comply with orders given by the commissioners, directing the manner and conduct of its business to be

changed so as to comply with the requirements of its charter and the banking act, "or whenever it shall appear to said commissioners that it is unsafe for any such corporation as in this act mentioned to continue to transact business, they shall notify the attorney general of such fact, who after examination, in his discretion, may commence suit in the proper court against such corporation, to enjoin and prohibit the transaction of any further business by such corporation; and upon the hearing of the case, if the judge of the court where the case is tried shall be of the opinion that it is unsafe for the parties interested or for such corporation to continue to transact business, and that such corporation or institution is insolvent, shall issue the injunction applied for by said commissioners and attorney general, who shall cause said injunction to be served according to law." This injunction of the trial court is, in effect, an order throwing the bank into liquidation, and until the bank goes into liquidation under such order it is not protected from the suits of creditors. Until such time it is acting entirely independent of courts, and largely independent of bank commissioners.

In this case it nowhere appears that any proceedings have ever been taken by the bank commissioners and the attorney general resulting in the judicial declaration contemplated by the banking act; and until such action is taken the bank's legal status as to its creditors is not changed. From the standpoint of the law, in the absence of an express provision to that effect, it is incredible to believe that a bank, of its own motion, may close its doors and proceed to a liquidation which prevents its creditors from seeking the aid of courts to enforce their rights. However tightly the doors of the bank may be closed to creditors by the directors, those directors cannot close the doors of the courts to its creditors; and the doors of the bank can never be closed so tightly at the mere whim or option of the directors or stockholders but that a court will open them at the request of the creditors. We conclude that, in the absence of the judicial declaration contemplated by the banking act, the right of action against the bank by creditors stands exactly as though its doors had never been closed and its business was progressing in the usual and ordinary channels.

There is no authority in this state opposed to the conclusion

we have declared. In *Crane v. Pacific Bank*, 106 Cal. 64, there was a judicial decree against the bank as provided in the banking act, and in the other recent cases decided by this court bearing upon the construction of the banking act here involved nothing is decided contrary to the views now expressed.

Under the authority of *Mitchell v. Beckman*, 64 Cal. 117, there is no merit in the claim raised by appellant as to the noncompliance upon the part of plaintiff with the by-laws of the corporation defendant.

For the foregoing reasons the judgment is affirmed.

Harrison J., and Van Dyke, J., concurred.