[Civ. No. 25875. Second Dist., Div. Three. Nov. 21, 1962.]

E. FELDMAN, Plaintiff and Appellant, v. JAMES P. KEENE, JR., Defendant and Respondent.

Gendel & Raskoff, Arnold M. Quittner and Bernard Shapiro for Plaintiff and Appellant.

Prudence Thrift Keene for Defendant and Respondent.

SHINN, P. J.—E. Feldman, as assignee of Holmgren and Sawyer, appeals from an order in a receivership proceeding

holding invalid an attachment lien on the property of Surety Land Title Co., Inc., a corporation. The corporation, to be referred to as Surety, was engaged in the business of escrow agent under the "Escrow Law," (Fin. Code, div. 6), subject to the supervision of the Commissioner of Corporations. March 5, 1959, the Commissioner, pursuant to section 17415 of the Financial Code (as it then read), issued an order to Surety to discontinue escrow activities with respect to new escrow business. March 11, the Commissioner issued another order to Surety to discontinue "all business operations and activities under the Escrow Law, and you and each of you are hereby ordered and directed to discontinue forthwith the disbursement and receipt of trust funds, and the receipt, delivery, or recordation of documents heretofore received in escrow by said Surety Land Title Co., Inc., dba Surety Land Escrow pending the further written order of the Commissioner of Corporations." The notice was also directed to Community Bank, depository of Surety's trust funds, Title Insurance and Trust Company and Pacific Firestone Escrow Company, and was duly served. On April 10, 1959, Feldman, as assignee, instituted an action against Surety for the recovery of $3,500 for services rendered by his assignors, plus interest and costs. There was then pending an escrow with Pacific Firestone Escrow on the sale of property of Surety for a consideration of about $14,000. Feldman caused an attachment to be issued and levied upon said amount in escrow with Firestone. July 6, 1960, Feldman's claim was reduced to judgment; no part of the judgment has been paid.

June 29, 1959, the Commissioner of Corporations applied in the superior court for the appointment of a receiver for Surety and on July 13, 1959, James P. Keene, Jr., was appointed receiver, and duly qualified as such. By agreement of the interested parties the sum of $2,075.81 was transferred from the funds in escrow with Pacific to the trust account of Surety. Subsequently, under stipulation, the funds of Surety held in the Pacific Escrow were paid over to the receiver subject to the rights, if any, under the attachment; also paid to the receiver were trust funds in bank in Surety's trust account, which are not in controversy.

Upon the hearing of the receiver's third annual account and report, the trial court, over the objection of Feldman, held that the attachment lien of Feldman upon the funds of Surety was invalid, the theory of the court being that the effect of the Commissioner's first orders to Surety to discontinue its activities as escrow agent had the effect of bringing the general

assets of the escrow company into *custodia legis* and rendering them immune from attachment. This is the sole question on the appeal.

Section 17415 of the Financial Code (as it then read), provided that in certain circumstances "the commissioner may forthwith, by an order addressed to and served by registered mail on such escrow agent and on any other person having in his possession or control any escrowed funds, trust funds or other property deposited in escrow with said agent, direct discontinuance of the disbursement of trust funds by said parties or any of them, the receipt of trust funds, the delivery or recording of documents received in escrow, or other business operations." If a request for a hearing is filed and no hearing is commenced within 15 days, the order is rescinded: "The order shall otherwise remain in effect until set aside by the commissioner in whole or in part, the escrow agent has been adjudged bankrupt, or pursuant to a petition filed by the commissioner or other interested party a receiver has been appointed by a superior court."

It is not questioned that unless invalidated by the mentioned orders of the commissioner, Feldman's attachment of the property of Surety established a valid lien thereon. Neither is it questioned by Feldman that the funds would not be subject to attachment if the effect of the commissioner's orders was to place the property of Surety *in custodia legis*.

The receiver relies upon section 17415 as the source of authority of the commissioner to proceed as he did against Surety. He contends that the effect of the orders was not only to impound all trust funds and documents by forbidding any disposition or use of the same, but also to freeze all assets of Surety and to prohibit the transaction of any business whatever. In other words, he contends that from the time the orders were made, not only trust funds of Surety, but all of its property, was in virtual receivership.

We find nothing in section 17415 or in division 6 of the code which supports this position. An order to discontinue trust business may be issued if the commissioner finds as the result of an examination or report that the escrow agent is in an insolvent condition or "is conducting business in such an unsafe or injurious manner as to render its further operations hazardous to the public or to any of its customers." The authority of the commissioner does not extend beyond the purpose for which it is conferred, namely, the temporary cessation of the exercise of the powers of the escrow agent with respect to funds or documents held in escrow, or offered for

deposit in escrow. The section provides that unless rescinded or vacated the order remains in effect unless the escrow agent is adjudged bankrupt or a receiver has been appointed. It seems clear that the authority of the commissioner does not extend beyond a limited control of the operations of the escrow agent, as such. We have been cited to no statutory law which confers greater authority upon the commissioner than is to be found in section 17415.

Respondent refers us to *Crane* v. *Pacific Bank,* 106 Cal. 64 [39 P. 215], as authority for his contention that the commissioner's order placed all the property of Surety *in custodia legis*. The case involved the exercise of the powers of the then State Board of Bank Commissioners under the then Bank Commissioners Act. When the bank closed its doors June 23, 1893, the Board of Bank Commissioners ordered it to discontinue its business. August 10, Crane sued the bank and attached its property. October 14, 1893, pursuant to authority under the act, the Attorney General brought an action, the purpose of which was to liquidate the affairs of the bank as an insolvent institution. On the bank's motion, served November 17, 1893, Crane's attachment was dissolved, and the order was affirmed on appeal. It was held that the Bank Act superseded the Insolvency Act of 1880 as to the bank, that the proceeding was essentially one in bankruptcy, the purpose of the act was to afford equal protection to all the bank's creditors and that "it was not intended that the moment a bank closed its doors its assets should be the prey of the first creditors who should secure the issuance of attachments." The act also provided "All acts are hereby repealed in so far as they are inconsistent with the provisions of this act" and the court said "It requires no argument to show that the right of attachment under the provisions of the Code of Civil Procedure is inconsistent with the machinery of the Bank Commissioners' Act, as well as with its obvious purpose and intent." This was the reason the court gave for affirming the order dissolving the attachment. There is no such provision in the Financial Code with respect to escrow agents.

Respondent also relies upon *Evans* v. *Superior Court,* 20 Cal.2d 186 [124 P.2d 820], as authority for the order under review. One Terry had sued Pacific States Savings and Loan Association and attached its property. Thereafter, the Building and Loan Commissioner took posession of the assets of the society, as he was authorized to do. Some time later an execution was levied on the property of the society. There-

after, the commissioner gave notice of determination to liquidate the corporation and moved for an order vacating the levy of execution, which motion was denied. The Supreme Court issued mandate, directing the superior court to enter an order recalling the execution. The basis of the decision was that the property of the corporation from the time the commissioner took possession was held in the process of liquidation, the purpose of which was to effect disposition of the assets ratably among its creditors. Neither the *Crane* nor the *Evans* case furnishes authority for the order dissolving the attachment of Feldman in the instant case.

Feldman has cited *Bories* v. *Union Building etc. Assn.*, 141 Cal. 74 [74 P. 552], a case in which an order dissolving an attachment was reversed. The attachment was levied January 31, 1898, on the property of the association, which had suspended business in December 1897. The State Board of Commissioners reported to the Attorney General the condition of the association's affairs January 24, 1898, but the latter did not institute an action for liquidation of the association until after the attachment had been levied. The order dissolving the attachment was reversed upon the ground there was nothing in the Act to prohibit attachment of the association's propery, at least prior to the institution of an action by the Attorney General seeking liquidation of the corporation. There, as distinguished from the powers exercised by the commissioner in *Evans,* the commissioners were without authority, nor did they undertake to take possession of the assets of the corporation under investigation.

*Lanz* v. *Fresno etc. Bank,* 125 Cal. 456 [58 P. 63], held that in the absence of proceedings being taken under the Banking Act to sequester the assets of the bank, the latter was subject to suit by a creditor, even though the bank was in process of voluntary liquidation.

 Unlike the authority of the Board of Bank Commissioners and the Building and Loan Commissioners in *Crane* and *Evans,* which gave the commissioners power to place all the property of the corporations *in custodia legis,* the authority of the Commissioner of Corporations with respect to escrow agents is limited to transactions involving property held in trust. He has no authority to take possession of the assets of the escrow agent nor has he authority to require the discontinuance of business which is unrelated to the handling of trust funds and other trust property. The orders of the commissioner did not purport to put Surety out of business

nor suspend its general business operations, nor would the commissioner have had authority to make such an order.

The property of Surety was brought into custody of the court by the appointment of the receiver but this did not affect in any way Feldman's attachment lien. (*Bories* v. *Union Building etc. Assn., supra,* 141 Cal. 74.) Our conclusion is that the lien of Feldman's attachment and the rights that pertained thereto were not affected in any manner by the orders of the commissioner or the creation of the receivership.

The order is reversed.

Ford, J., concurred.

Files, J., did not participate.

A petition for a rehearing was denied December 18, 1962, and respondent's petition for a hearing by the Supreme Court was denied January 16, 1963.