[S. F. No. 2232. Department Two. — May 29, 1901.]

LUIS ARGUES et al., Respondents, v. UNION SAVINGS BANK OF SAN JOSÉ, Appellant.

Insolvent Bank — Action against, by Creditor. — An ordinary action for the collection of a debt cannot be maintained against an insolvent state bank which is in process of liquidation under the provisions of the Bank Commissioners' Act as amended in 1895.

Id. — Directors are Trustees for Creditors. — Under the provisions of that act as so amended, the directors of the bank, while the liquidation is in progress, are trustees for the creditors, and no action can arise in favor of a creditor against the directors, or against the bank, except for some failure of the trustees to perform the duties of their trust. But where there is default by the trustees in the performance of any duty, an action may be maintained in equity for the appropriate relief.

Id. — Action on Disallowed Claim. — An action may be maintained by a creditor against the directors in their own names, or under the corporate name, on a claim disallowed by them; for it is a duty imposed upon them by the very nature of their trust, to allow all just claims. But until the claim be disallowed there is no action, and hence the disallowance of the claim is an essential part of the cause of action, and must be alleged in the complaint.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. G. Lorigan, Judge.

The facts are stated in the opinion.

Jackson Hatch, and E. M. Rea, for Appellant.

J. R. Welch, for Respondents.

SMITH, C. — Appeal from a judgment against the defendant for the sum of $354,882.70. The appeal is on the judgment roll. The complaint is in the ordinary form, by the assignees of numerous depositors, and other creditors of the defendant, simply alleging the various items of indebtedness and their assignment to the plaintiffs, and praying for judgment for the aggregate amount, with interest at the rate of seven per cent per annum from January 1, 1899; and judgment was rendered accordingly. From the answer and findings it appears that the defendant, when the suit was brought, was in process of liquidation, under a judgment of the superior

court of Santa Clara County, of date March 13, 1899, in an action brought by the attorney-general under the provisions of the Bank Commissioners' Act as amended in 1895. The only question involved is, whether an ordinary action for the collection of a debt can be maintained against an insolvent corporation in process of liquidation under the act. The contrary, I think, must be held, for the reason that to permit such actions would be inconsistent at once with the terms and with the policy of the act.

1. The proceedings against an insolvent bank are prescribed by section 11 of the act, which, as amended in 1895, establishes a scheme of liquidation materially different from that established by the original act, or the amendment of 1887. (Stats. 1895, p. 175.) They are commenced by what is, in effect, a seizure of all the property of the bank by the bank commissioners, followed by a suit by the attorney-general against the corporation and its directors, "to enjoin and prohibit them from the transaction of further business." The judgment in the suit—if the result be adverse to the bank—is, that the "injunction applied for" be issued, and that "the commissioners . . . surrender to the corporation the property thereof in their possession, for the purpose of liquidation." The business of liquidation is committed to the directors of the corporation, "under the direction of the bank commissioners," and these directors, so called, are made subject to removal on the application of the bank commissioners, and, in certain contingencies, others may be appointed by the court. Thus the directors, while they remain nominally officers of the bank, become, by the provisions of the statute, trustees for the creditors, and, as subordinate agents of the commissioners, officers of the law. Their functions as directors of the bank are left to them, but these are subordinate to those imposed upon them as statutory trustees, and, for all the purposes of the act, they are to be regarded as acting in their statutory capacity. The case is therefore, in effect, the same as though the act had provided for the appointment of other trustees,—that is to say, the directors, to all practical intents and purposes, are to be regarded merely as trustees, and their official relation to the corporation regarded, for all the purposes of the act, as immaterial. The effect of the act is therefore to sequester the assets, and, so far as necessary for the purposes of the act, the powers of the corporation, and to place them for the purpose

of liquidation in the hands of the directors, acting under the direction of the bank commissioners as officers of the law. Nominally, indeed, the assets are said to be restored "to the corporation . . . for the purpose of liquidation"; but as the business of liquidation is committed exclusively to the directors, under the direction of the bank commissioners, it is only in name that the assets can be said to be restored to the corporation. In fact, they are committed to the directors, who are the real trustees.

The operation of the act is therefore twofold: 1. It creates a trust fund for the use of the creditors, and an express trust to administer it, which, like other trusts, is subject to the jurisdiction of the proper court for administration. Of this trust the directors, in their capacity as officers of the law, are the real trustees, and they are subject, as such, to the direction of the bank commissioners, and ultimately to that of the court. But, nominally, the corporation is the trustee, and it may be convenient sometimes to speak of it as such; though, in thus speaking of it, it is to be borne in mind that it is trustee only in name, and that it is thus spoken of solely for convenience of expression. 2. The corporation is enjoined "from the transaction of any other business,"—which means, if we have regard to the real fact, from the transaction of all business; or if we regard its nominal character as trustee, all business except that of trustee for the purpose of liquidation, which is in fact to be performed by the directors as officers of the law. This prohibition implies, *ex vi termini*, either a total suspension of the functions and powers of the corporation, or, what amounts to the same thing, a suspension of all its powers, except those to be exercised by the directors in the execution of their trust.

The powers of the corporation thus suspended include that of suing and being sued, except as representative of the directors as statutory trustees; and this, again, implies that it cannot sue or be sued for any cause of action other than one existing—as the case may be—in favor of or against the directors as trustees, who, in all actions for or against the corporation, affecting the trust fund, are the real parties, and who alone—either *eo nomine* or under the corporate name—can, in such actions, be sued. But, under the trust created by the act, the relation of trustee and *cestui que trustent* is established between the directors and the creditors, and the assets of the

corporation are held by them in trust, as a fund in which all the creditors are jointly interested; and this is the only legal relation existing between them, or (during the time of the suspension of the powers of the corporation by operation of the act) the only relation—relating to the sequestered assets—between the creditors and the corporation that can be enforced by action.

It follows that the corporation can be sued only as trustee, and that no action can arise in favor of a creditor against the directors, or against the corporation, as nominal trustee, representing them, except for some failure of the trustees to perform the duties of their trust; for so long as they perform their obligations to him as *cestui que trust*, he has no cause to complain. But where there is default by the trustees in the performance of any duty, an action may be maintained in equity for the appropriate relief. An action may therefore be maintained by a creditor against the directors in their own names, or under the corporate name, on a claim disallowed by them; for it is a duty imposed upon them by the very nature of their trust, to allow all just claims. But until the claim be disallowed there is no action, and hence the disallowance of the claim is an essential part of the cause of action, and must be alleged in the complaint.

In the suit at bar, it appears from the complaint that all the claims sued on, except certain drafts amounting to $2,405.55, have been allowed, and that a dividend of five per cent has been paid or ordered to be paid on them. With reference, therefore, to the bulk of the amount sued for, the trustees are not in default, and there is no cause of action. With reference to the drafts, there are no allegations from which it can be judged whether they are just claims against the corporation or the directors. The suit, therefore, cannot be maintained, for lack of essential allegations in the complaint.

2. The conclusion thus reached from a consideration of the intention of the statute, as indicated by its language, is in accord with the obvious policy of the act, with which the contrary view would be manifestly inconsistent. The purpose of the act is to effect an equitable and economical distribution of the assets of the insolvent bank among its creditors; and for this purpose all the assets of the insolvent corporation, and all its powers, so far as necessary to effect the object, are sequestrated, and taken into the hand of the law. The end proposed

implies that the dividend of each shall be according to the amount of his debt, and that no one shall receive more or less, and also that the liquidation shall be accomplished without unnecessary expense. But to permit suits to be maintained against the corporation—in the absence of any failure on the part of the trustees to perform their duty—would be to add to the claims sued on the expenses of the suit, and also to increase the rate, and add interest on interest,—as in the case at bar, where the interest allowed in the judgment is over eighteen thousand dollars,—thus imposing on the corporation, or rather on the trustees, unnecessary costs and counsel fees. And this would happen not only in isolated cases, but all the creditors would be compelled to sue, in order to protect themselves; and the trust fund would be thus largely consumed in unnecessary expenses. It is manifest, therefore, that the administration of the trust would thus be seriously interfered with, and that the policy of the act would be defeated. The case therefore comes within the reason of the decision in *People* v. *Superior Court*, 100 Cal. 105, where it was held that section 11 of the Bank Commissioners' Act "necessarily superseded the provisions of the Insolvent Act of 1880, so far as this class of corporations is concerned,"—the reason given being that "this section was intended by the legislature to provide for every case involving the winding up of the business of a banking corporation," and that "the enforcement of the Insolvent Act would defeat the plain purposes contemplated by the . . . act,"—a reason (at least in kind) equally applicable here.

The question has not been heretofore definitively determined by the decisions of this court. In *Lanz* v. *Fresno Bank*, 125 Cal. 458, it is said "that, in the absence of the judicial declaration contemplated by the banking act, the right of action against the bank by creditors stands exactly as though its doors had never been closed, and its business was progressing in the usual and ordinary channels," and that "until such action is taken, the bank's legal *status* as to its creditors is not changed." There is here some intimation that after the bank is put in liquidation under the act, the case would be different, but nothing decisive is said on the point. In *Long* v. *Superior Court*, 102 Cal. 449, the powers of the court, under section 11 of the act (which has since been amended) were considered, and it was held that the directors could not be ousted and a receiver appointed; but there is nothing in the decision bear-

ing on the question here involved. In *Savings Bank* v. *Superior Court*, 103 Cal. 27, the same general question was presented and the same conclusions arrived at, the court saying that even after the judgment of the court under the act "the corporation continues in existence for the purpose of liquidation." This remains true of the act as amended in 1895, but that amendment contains specific provisions as to liquidation, that were previously wanting. The decision in *Crane* v. *Pacific Bank*, 106 Cal. 64, bears on this case only as affirming the decision in *People* v. *Superior Court*, 100 Cal. 111. In *Anderson* v. *Pacific Bank*, 112 Cal. 598, the action was for the recovery of a special deposit, and whether the deposit was of this nature is the only point discussed in the briefs or considered by the court. The proceedings under the act are not referred to. In *Murphy* v. *Pacific Bank*, 119 Cal. 334 (and 20 Cal. Dec. 231, Nov. 28, 1900), the action was for money claimed to be due as a dividend, which had been disallowed by the directors. In *Pacific Bank* v. *Stone*, 121 Cal. 202, the directors, under the corporate name, were the real plaintiffs, and the counterclaim — which was for professional services due on a special contract — was disallowed because the contract was not authorized by the directors. In *Sacramento Bank* v. *Pacific Bank*, 124 Cal. 147, the action was for a dividend disallowed by the directors. These, I believe, are all the cases bearing on the general subject; and in none of them, it will be observed, was the amendment of 1895 under consideration.

I advise that the judgment be reversed, with directions to the lower court to allow the complaint to be amended, if the plaintiffs shall be so advised, and otherwise to dismiss the action.

Haynes, C., and Chipman C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the lower court to allow the complaint to be amended, if the plaintiffs shall be so advised, and otherwise to dismiss the action.

McFarland, J., Temple, J., Henshaw, J.