[L. A. No. 601.  In Bank. — June 5, 1901.]

## BANK OF NATIONAL CITY (in Liquidation), Appellant, v. S. S. JOHNSTON, Respondent.

BANK COMMISSIONERS' ACT — INSOLVENT BANK — ASSESSMENT TO PAY DEBTS SET ASIDE BY JUDGMENT. — Where, pending proceedings instituted under the Bank Commissioners' Act, an insolvent bank levied an assessment to pay its debts, and, prior to the time fixed for delinquency, the bank was adjudged insolvent, and its directors restrained from transacting any further business, except for liquidation, such judgment had the effect to set aside the assessment, and all power to enforce or collect it was ended.

ID. — APPROVAL OF ASSESSMENT BY COMMISSIONERS — CALL FOR UNPAID SUBSCRIPTIONS — POWER OF COMMISSIONERS AND DIRECTORS. — Such assessment, though approved by the bank commissioners, cannot be treated as a call for unpaid subscriptions to stock.  The bank commissioners have no power to make such a call, nor could the directors act as trustees under the statute for purposes of liquidation prior to the judgment; nor did their resolution contemplate or attempt such a call.

ID. — ORDER FOR COLLECTION BY SUIT — INVALID ACTION OF DIRECTORS. — An order for the collection of an assessment by suit could not be made by the directors at a meeting held prior to the delinquency; and they could not lawfully act to pass such resolution at an adjournment of · such meeting, where it does not appear that all of the directors were present at the adjourned meeting.  [McFarland, J., and Van Dyke, J., dissenting.]

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.  E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Haines & Ward, for Appellant.

The whole directory of the corporation being present at the meeting of October 27th, they had the full power of action of a regular meeting; and it was not necessary to give notice of an adjournment of such meeting to any director.  (*Troy Min. Co.* v. *White,* 10 S. D. 475; *Minneapolis Times Co.* v. *Nimocks,* 53 Minn. 381; *Benbow* v. *Cook,* 115 N. C. 324;[1] *Dispatch Line* v. *Bellamy M. Co.,* 12 N. H. 205;[2] *Stebbins* v. *Merritt,* 10 Cush.

[1] 44 Am. St. Rep. 454.        [2] 37 Am. Dec. 203, 210.

27, 34; *Rex* v. *Chetwynd*, 7 Barn. & C. 695; *Kenton Furnace R. R. etc. Co.* v. *McAlpin*, 5 Fed. Rep. 737, 744, 745; *Wood* v. *Corry Water Works*, 44 Fed. Rep. 146, 150; *Jones* v. *Milton Turnpike*, 7 Ind. 547.) The meeting of October 31st was lawfully held pursuant to adjournment, without any loss of general power. (*Smith* v. *Law*, 21 N. Y. 296; *Warner* v. *Mower*, 11 Vt. 385, 387.) The board had power to authorize suit to collect the assessment at such adjourned meeting. The decision of the board as to the necessity for the assessment is conclusive, where fraud is not alleged and shown. (*Visalia R. R. Co.* v. *Hyde*, 110 Cal. 632, 637;[1] Cook on Stockholders, 2d ed., sec. 113, and note.)

George H. P. Shaw, for Respondent.

The directors could not transact any business at an adjourned meeting which they could not have transacted at the original meeting. (1 Thompson on Corporations, sec. 720; 1 Dillon on Municipal Corporations, 3d ed., sec. 287; Cook on Stock and Stockholders, secs. 595, 601; 1 Waterman on Corporations, 62; Green's Brice's Ultra Vires, 2d ed., 441; 1 Redfield on Railroads, 6th ed., sec. 21, p. 70; *Schoof* v. *Town of Bloomfield*, 8 Vt. 472; *Warner* v. *Mower*, 11 Vt. 385; *People* v. *Batchelor*, 22 N. Y. 128; *Farrar* v. *Perley*, 7 Me. 404; *State* v. *Cronan*, 23 Nev. 437; *Granger* v. *Grubb*, 7 Phila. 350; *State* v. *Phillips*, 79 Me. 506; *Scadding* v. *Lorant*, 3 H. L. Cas. 418.) This action does not lie to enforce stock subscriptions, which are part of the trust fund to be liquidated in the insolvency proceedings. (3 Thompson on Corporations, sec. 3580; 1 Morawetz on Corporations, 2d ed., sec. 152.) The bank is dissolved by the decree, and its assets are to be administered upon. (5 Thompson on Corporations, secs. 6578, 6718, 6733–6739, 6744.)

TEMPLE, J.—After the bank commissioners, acting under the authority given them by section 11 of the Banking Act, as amended in 1895 (Stats. 1895, p. 175), had seized and taken into possession all of the assets of the bank, and had reported the affair to the attorney-general, and he had commenced a suit to enjoin the transaction of further business, but before the court had acted in reference to the matter, the directors adopted a resolution levying an assessment for the purpose of

---

[1] 52 Am. St. Rep. 136.

paying the debts of the corporation. The resolution recites that it was done at the request of the bank commissioners. There is a general recital in the complaint that the bank was then insolvent. The resolution was made September 8th, and the assessment would become delinquent October 30th following. Before that time, however,—on October 1st,—the court, in the suit commenced by the attorney-general, entered its judgment declaring the corporation insolvent, and enjoined and restrained the corporation and its directors from the transaction of any further business, except for the purposes of liquidation, and ordered the property of the corporation to be surrendered to the directors for the purpose of liquidation under the Banking Act.

Upon the rendition of this judgment, the corporate powers of the bank were suspended. It is conceded by appellant's attorney that this ended all power to collect the assessment by sale of the stock under the statute. There was in fact no stock to sell. As a going concern, the corporation was ended. The former stockholders could never again have any control of the corporation. A liability rested upon them which made them interested in the proceedings, but they had nothing of value to sell. Nor are the directors, to whom the corporate assets had been surrendered, any longer competent to perform corporate acts, except in liquidation. And in the exercise of these powers they are trustees for the creditors, and for the stockholders, for the purpose of liquidation only.

This position is fully explained in the late case of *Argues* v. *Union Sav. Bank, ante,* p. 139. It is there said: "Thus the directors, while they remain nominally officers of the bank, become, by the provisions of the statute, trustees for the creditors, and, as subordinate agents of the commissioners, officers of the law. Their functions as directors of the bank are left to them, but these are subordinate to those imposed upon them as statutory trustees, and, for all the purposes of the act, they are to be regarded as acting in their statutory capacity. The case is therefore, in effect, the same as though the act had provided for the appointment of other trustees,—that is to say, the directors, who, to all practical intents and purposes, are to be regarded merely as trustees, and their official relation to the corporation regarded, for all the purposes of the act, as immaterial." The court then proceeded to discuss the effect of the injunction. "This prohibition implies, *ex vi termini*, either a

total suspension of the functions and powers of the corporation, or, what amounts to the same thing, a suspension of all its powers, except those to be exercised by the directors in the execution of their trust." It would necessarily follow, I think, that an assessment levied but not collected, and not yet due when the adjudication of insolvency was made, was set aside by the adjudication. The statute is in the nature of a special insolvency act, and the functions of the directors, acting as liquidators under the act, are quite analogous to those of assignees in insolvency. The business of the corporation, as such, including the powers to levy and collect assessments, is gone.

But it is said the levy was practically made by the bank commissioners, and was really a call for the payment of unpaid subscriptions upon those who had subscribed for stock. The bank commissioners had no such authority, nor could the directors act as trustees under the statute before the judgment of the superior court.

The unpaid subscriptions constitute an equitable fund for the security of the creditors of the corporation. I have no doubt but that in some form the liquidators may, in case of necessity, resort to this fund. But this levy of an assessment is not an attempt to do that, and there are reasons which it is not necessary or proper now to discuss why this mode at this stage of the proceedings cannot be adopted for that purpose.

But if it be conceded that the mode adopted was a proper mode in which to resort to the unpaid subscriptions as an equitable fund for securing the creditors of the corporation, and also that the assessment levied at the time and in the mode described was valid, and continued in force notwithstanding the adjudication in insolvency, and also that the so-called directors, although really only trustees under the statute, could perform the corporate act of directing the assessment to be collected by suit rather than by sale of the stock, still it is clear to my mind that no valid resolution to that effect was passed. In discussing this matter I shall assume that the meeting of the directors on the 27th of October was a valid special meeting, and that, all being there present, they could have considered any matter which could have been considered if it had been a stated meeting provided for in the by-laws. This position is not conceded by the counsel for the respond-

ent, but for the purpose of the argument I will assume the law to be so.   At the meeting of the 27th, the directors could not have passed the resolution directing the collection of the assessment by suit, for the sufficient reason that it was not then delinquent, and, under the statute, such resolution could not be passed until after the assessment had become delinquent. Although all were present at the meeting which was adjourned, they were not all present at the meeting at which the resolution was passed.   As this was business which was not, and could not have been, before the meeting which was adjourned, it could not therefore have been lawfully transacted at the subsequent meeting, at least unless at the final meeting all the directors were present.   This proposition, without the special concession made by me,—that the proceedings might be sustained if all the directors were present,—has been often expressly declared, and is, I think, supported by an unbroken and unvarying line of decisions from the first appearance of corporate law.   (1 Dillon on Municipal Corporations, sec. 287; Green's Brice's Ultra Vires, 2d Am. ed., p. 441; Redfield on Railways, 6th ed., p. 70; *Warner* v. *Mower*, 11 Vt. 385; 1 Beach on Corporations, sec. 294; *Granger* v. *Grubb*, 7 Phila. 350; *Scadding* v. *Lorant*, 3 H. L. Cas. 418.)

These authorities are not in form controverted, but it is said: "The adjournment, by all of the directors, from October 27th to October 31st was an agreement between them to meet on that day, and dispense with the requirement of any further notice."   *Whitehcad* v. *Hamilton Rubber Co.*, 52 N. J. Eq. 84, is the only authority cited upon this proposition.   The assumption that the adjournment was *by all* the directors on the 27th of October is derived solely and only from the fact that all attended the meeting of the 27th, and that meeting adjourned. An attempt was made at the trial to prove what was said about the adjournment at the time by the directors, but the evidence was ruled out.   The adjournment was therefore only an adjournment, and if the rule be good, the question to which I have just cited authorities would never have had an existence.   Every adjournment would imply such agreement, at least when at the meeting adjourning all had attended.   And while all the directors may have attended the meeting of the 27th, it would not follow that all were present at the precise point when that meeting had adjourned or consented to the adjournment.

The case cited is not an authority. The remark quoted was confessedly *obiter*, and it plainly appears by the context that the vice-chancellor limited the implication that the proceedings of the adjourned meeting under the circumstances would be valid as to the particular business which was before the directors when they adjourned. After stating that the meeting under consideration was *not* an adjourned meeting, the judge proceeds: "This being so, and conceding that when a meeting is properly called for a specific purpose, that it may be adjourned from time to time for the further consideration of the matter so presented, this last meeting of the board of directors in this case was without authority, and the argument made cannot be upheld. If all the directors had been present at any meeting, and had agreed to an adjournment for the purpose of consideration of the question now before us, then the result of their deliberations would have been sustained."

Here the vice-chancellor very plainly states that the question was not before him, for the reason that the meeting then in question was not an adjourned meeting, and also that if it had been, and all the directors had agreed to the adjournment for the consideration of the special matter already before the board, and which it would have transacted at the meeting which was adjourned, it could only have transacted that business which it already had in hand.

The judgment and order are affirmed.

Garoutte, J., Beatty, C. J., and Henshaw, J., concurred.

McFARLAND, J., and VAN DYKE, J., concurring.— We concur in the judgment of affirmance, on the ground first discussed in the opinion of Mr. Justice Temple,— that is, on the ground that the directors had no authority to enforce the assessment after the adjudication in insolvency and the injunction against the transaction of further business, except for the purposes of liquidation. It should be said, however, that this point was very obscurely made by respondent in the court below, and in his briefs here; and it is not surprising that it was not discussed in the opinion delivered in Department. But we dissent from the view that the resolution in question was not regularly and legally passed, if there had been power in the directors to pass such a resolution at all. On that subject we concur in the opinion delivered in Department.