[S. F. No. 2993.   Department One.—February 28, 1902.]

UNION SAVINGS BANK OF SAN JOSE, Respondent, v. GEORGE DUNLAP, Appellant.

BANKS—ADJUDICATION OF INSOLVENCY—ASSESSMENT BY DIRECTORS—ACTION.—The directors of an insolvent bank, after the adjudication of its insolvency under the Banking Act of 1895, may, without first obtaining authority from the court, assess the shareholders on the unpaid capital stock, for the purpose of liquidating the bank's indebtedness, and finally settling its affairs.   There being no shares to sell for the delinquent assessment, they may collect it by action in the name of the bank.

APPEAL from a judgment of the Superior Court of Santa Clara County.   A. L. Rhodes, Judge.

The facts are stated in the opinion.

C. W. Cobb, for Appellant.

E. M. Rea, for Respondent.

CHIPMAN, C.—Judgment for plaintiff on a general demurrer to the complaint, from which defendant appeals.   By appropriate proceedings, under the Banking Act of 1895 (Stats. 1895, p. 175), plaintiff was, on March 13, 1899, adjudged to be insolvent, and the court directed that the plaintiff corporation and all its assets be turned over by the bank com-

missioners, who then held possession of them under said act, to the directors of the corporation, for the purpose of closing the affairs of plaintiff and liquidating its indebtedness, and it was alleged in the complaint that the said board of directors went into possession and control of plaintiff and its assets, and ever since have held such possession, for the purpose of winding up its affairs and liquidating its indebtedness. Pursuing strictly the provisions of the Civil Code in such cases provided, the directors levied an assessment upon the unpaid subscription of the capital stock of plaintiff for the alleged purpose of liquidating the debts of the corporation, fixed the time when the same would be delinquent, and, after the assessment had become delinquent, they duly waived further proceedings for the collection of the assessment, and elected to proceed by action to recover the amount of such assessment due from defendant.

It is alleged that many of the stockholders are insolvent and unable to respond to any call or assessment in any amount whatever, and "that the amounts which can be collected from all the solvent stockholders of plaintiff corporation on this assessment, added to all the other assets of said plaintiff, will not be sufficient to pay the liabilities of said plaintiff or satisfy its debts in full, and that said assessment is necessary for the purpose of liquidation."

Defendant concedes, in his brief, that "all of the proper and legal steps were taken preparing the way for action on the assessment; . . . and no point is made here that the provisions of the code were not followed explicitly; it is admitted that, had the corporation been a going concern, and in the ordinary course of business, the assessment was a proper one, and legally levied." It is contended that neither the corporation nor the directors had any power to make the levy, and the assessment was void, because "the directors of the corporation could make the levy pursuant only to an order of the court after it had determined the necessity therefor, the amount thereof, and a direction thereto."

The act, as originally passed, and the amended act of 1895 have had the careful consideration of this court, and the general purpose and policy of the legislation have been quite fully explained. The cases will be found cited in *Argues* v. *Union Savings Bank* (this plaintiff), 133 Cal. 139. The precise

question now here, however, seems not to have been decided,—namely, Can the directors, after the bank has been adjudged to be insolvent under the act of 1895, proceed, without authority of the court first obtained, to assess the shareholders on the unpaid capital stock, for the purpose of liquidating the bank's indebtedness and making final settlement of the bank's affairs? In *Argues* v. *Union Savings Bank,* 133 Cal. 139, the question was as to the right of a creditor to maintain an action against the bank or directors, pending settlement and liquidation under the Bank Commissioners' Act, and it was held that it could not be done. The scope and meaning of section 11 of that act had very full consideration. Again, in *Bank of National City* v. *Johnston,* 133 Cal. 185, section 11 was under consideration, the question being, whether the bank could, pending proceedings under the act, and before judgment of insolvency had been entered, levy an assessment to pay its debts. It was held it could not, and that where the court, prior to the time fixed for delinquency, adjudged the bank insolvent and restrained its directors from transacting further business, except for liquidation, the judgment had the effect to set aside the assessment, and all power to enforce or collect it was ended. Appellant relies on these two cases as determinative of the question in his favor. It must be conceded that the point now at issue was not before the court in either of these two cases, and therefore could not have been decided; nor do we think there is anything in the opinions given which can fairly be said to support appellant's contention. As we understand the act and the decisions explaining its purpose, the first step is taken by the bank commissioners, who go into possession of the bank and its assets, and if they determine that it is in an unsafe condition, the attorney-general is called upon to institute proceedings in the superior court to determine the solvency or insolvency of the bank, and, if adjudged insolvent, the court shall enjoin the bank from the transaction of any further business, "and shall order the commissioners to surrender to the corporation the property thereof in their possession for the purpose of liquidation." The court retains the right to remove the directors for cause, and to appoint others in their place, and to fill vacancies; or it may order an election by the stockholders, to be held according to law. But the act also provides that, "subject to this right of

removal and appointment, the directors or trustees of all banking corporations in liquidation shall be permitted to continue the management of the affairs of such corporations during the process of liquidation, under the direction of the bank commissioners, as hereinafter provided." The court may remove the directors for cause, but they proceed to wind up the affairs of the bank under the direction of the bank commissioners, and not under direction of the court. "Any corporation mentioned herein, now in liquidation, or that hereafter goes into liquidation, shall make reports of the condition of its affairs to the bank commissioners in the same manner as the solvent banks mentioned in this act, and, in addition thereto, shall state the amount of dividends paid, debts collected, and the amounts realized on property sold, if any, since the previous report." (Bank Commissioners' Act, sec. 11.)    The act does not prescribe how the directors shall proceed in closing up the affairs of the corporation; it makes no provision for levying assessments or collecting unpaid balances on shares of stock, nor does it provide any mode for the collection of any other assets although the act plainly contemplates that the directors shall sell the property of the corporation and convert the assets generally, collect debts and get the proceeds into the form of money, and declare and pay dividends.    Unpaid balances of capital stock are assets, and where the money and other property of the corporation are found insufficient to meet the demands of creditors, resort may be had to the unpaid subscriptions to the capital stock.    The only question involved is as to the mode or manner by which the directors may proceed to collect these assets.    Appellant's contention is, that an action should be commenced by the directors for the purpose of determining the amount of the call to be levied for liquidation.    Such an action would seem to require all interested persons to be made parties, creditors and debtors, and any others who might be interested.    It is also contended that in this action it should be determined who are debtors, and the amount of their demands, respectively;    also the character and amount of the bank's assets;    the amount of unpaid subscriptions and the persons liable therefor;    and, upon the ascertainment of all these facts, the court should then levy the assessment to cover any deficiency in other assets sufficient

to discharge the liabilities of the bank. Appellant contends
for this mode of procedure, in analogy, it is presumed, to pro-
ceedings in the insolvency court, and this because of some
expressions found in the opinions in the two cases relied on
by appellant, especially in *Bank of National City* v. *Johnston,*
133 Cal. 185. No such procedure, however, is even impliedly
authorized by section 11; indeed, it is expressly provided that
liquidation shall be conducted by the directors under super-
vision of the bank commissioners, and we find nothing in the
act requiring an order of the court as a necessary precedent
authority for the directors to act within their powers. Nor is
there any reason why the action should be in the name of the
directors, and not in the name of the corporation; on the
contrary, the bank continues to be a corporation until its
affairs are closed; and the action may, and.perhaps should
be, in the name of the corporation. (*Argues* v. *Union Sav-
ings Bank,* 133 Cal. 139.) We find nothing in *Bank of
National City* v. *Johnston,* 133 Cal. 185, to support the con-
tention that neither the directors nor the commissioners had
any power under section 11 to make the assessment under the
circumstances of this case. The lack of power in the National
City Bank case arose from its attempting to act before there
had been an adjudication of insolvency. It was expressly
held that the unpaid subscriptions constitute an equi-
table fund which may be reached to pay the creditors of
the bank; but as to how this was to be done was a
question neither involved nor decided. The Civil Code
furnishes a mode, and, as section 11 of the Bank Com-
missioners' Act makes no pretense of doing so, we can see
no reason why the provisions of the Civil Code (sec. 331
et seq.) may not be followed in levying the assessment.
The corporation could not sell the shares; for, as was
said in *Bank of National City* v. *Johnston,* 133 Cal. 185,
"There was in fact no stock to sell. As a going concern, the
corporation was ended." But an action would lie for the
delinquent assessment. The assets belonged to the corpora-
tion, and though not a going concern for all purposes, it is
a going concern for purposes of liquidation; the cause of
action for unpaid subscriptions accrues to the corporation,
and the action is properly brought in its name. The com-

plaint, we think, alleges facts sufficient to state a cause of action against defendant, and the demurrer was therefore properly overruled.

The judgment should be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.