[Civ. No. 178.    Second Appellate District.—March 14, 1906.]

JAMES L. DEPAULI, Respondent, v. FRANCOIS ESPIT-
ALLIER, Defendant. LOUIS RILONG, Intervener,
Appellant.

BANKRUPTCY—FORECLOSURE OF MORTGAGE—INTERVENTION BY CREDITOR.
Upon the adjudication of the bankruptcy of a defendant in an ac-
tion to foreclose a chattel mortgage, his property passes into the
hands of the court for disposition, and becomes a trust fund, in
which every creditor of the defendant has a special interest or lien;
and any creditor may maintain an action in any competent tribunal,
either in an original suit, or by way of intervention, to prevent the
trust fund from being fraudulently appropriated. The right of
the creditor to intervene in the action of foreclosure is not affected
by the fact that he might have applied in the bankruptcy court for
a stay of proceedings.

APPEAL from a judgment of the Superior Court of Kern
County.    Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

J. W. Wiley, for Appellant.

C. L. Claflin, for Respondent.

SMITH, J.—This is a suit to foreclose a chattel mortgage
of date February 27, 1902, for the sum of $6,000, etc.    The
complaint was filed February 4, 1904, and the defendant
made default.    The appellant is the holder of a note made
to him by the defendant for the sum of $1,134.56 of date
December 18, 1899, and having commenced his action Jan-
uary 2, 1904, and having recovered judgment against the de-
fendant for $988.61 February 11, 1904, he filed his complaint
in intervention in this case February 14, 1904.    The com-
plaint in intervention, besides the above facts, alleges: That
in a proceeding in bankruptcy pending in the district court
of the United States for the southern district of California,
the defendant was adjudged a bankrupt; that no assignee has

as yet been elected by the creditors, and that none can be or will be appointed until after the time at which judgment may be entered in this case, etc.; that the mortgage in suit was given in the sum of $6,000 to secure an indebtedness not greater than $2,000, and with the design and purpose of hindering, delaying, and defrauding the intervener and other creditors of the defendant; and, finally, that the suit was brought with the consent and connivance and at the request of the defendant with like intent and purpose. To this complaint a demurrer was interposed, and on March 22, 1904, the demurrer was sustained and judgment by default entered against the defendant, from which the intervener appeals.

The question involved is as to the sufficiency of the intervener's complaint. The objection urged to it is that the intervener, being a mere general creditor, has not such an interest in the property involved as to entitle him to intervene. But the intervener's case is something more than that of a general creditor. By the adjudication of the insolvency of the defendant, the property of the insolvent came into the hands of the court for disposition, and thus became a trust fund, in which every creditor of the defendant has a special interest or lien (*Rued* v. *Cooper,* 109 Cal. 683, [34 Pac. 98]; *Argues* v. *Union Savings Bank,* 133 Cal. 139, [65 Pac. 307]; *Richardson* v. *Green,* 133 U. S. 44, [10 Sup. Ct. 280]), and we have no doubt that any of the creditors under such circumstances may maintain his action in any competent tribunal, either in an original suit or by way of intervention, to prevent the .trust fund from being fraudulently appropriated (Brandenburg on Bankruptcy, sec. 1019); nor is the right of a creditor under the circumstances appearing in this case in any way affected by the fact that he may, if deemed convenient, apply in a bankruptcy court for a stay of proceedings.

Judgment reversed.

Gray, P. J., and Allen, J., concurred.