[Civ. No. 273. First Appellate District.—January 16, 1907.]

## UNION SAVINGS BANK OF SAN JOSE, Respondent, v. MAURICE WILLARD, Appellant.

CORPORATIONS—CALL BY BANK UPON UNPAID STOCK—LIABILITY OF TRUSTEE.—A trustee of stock, though his name appears on the books of a banking corporation as trustee for a person named, is liable, as the legal owner of the stock, for an assessment duly levied by such corporation upon the shares of its unpaid stock, for calls thereupon.

ID.—NAMING OF EQUITABLE OWNER NO DEFENSE—CONTRACT RELATION. The fact that the equitable owner is named in the certificate of stock held by the trustee is no defense to an action to recover the call for unpaid stock against its legal holder. That fact does not bring the equitable owner into contract relation with the corporation, which relation is held only by the legal owner of its stock.

ID.—STATUTORY LIABILITY OF STOCKHOLDERS—SUBSCRIPTION TO STOCK—
DISTINCTION.—The statutory liability of stockholders to the creditors of the corporation, provided for in section 322 of the Civil
Code, has no application to, and is wholly distinct from, the liability of stockholders to the corporation upon unpaid subscriptions
to stock, resting wholly upon contract of the stockholders with the
corporation.

APPEAL from a judgment of the Superior Court of Santa
Clara County.   A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Wm. A. Bowden, for Appellant.

Cobb & Rea, for Respondent.

HALL, J.—"Action to recover from the defendant the
amount of an assessment by the plaintiff upon the shares of
its capital stock held by him.   Judgment was rendered in
favor of the plaintiff, and the defendant has appealed.

"The authority of the plaintiff to levy the assessment and
to collect the same by an action against its stockholders,
together with the regularity of its proceedings therein, was
affirmed in the cases of the same plaintiff against Dunlap, 135
Cal. 628, [67 Pac. 1084], and against Leiter, 145 Cal. 696,
[79 Pac. 441], cases which involve the same assessment as
that here presented.   The only question presented upon the
present appeal is whether the appellant was a stockholder
of the plaintiff at the time the assessment was levied, the
plaintiff alleging that he was such stockholder, and the defendant denying this allegation.   Upon this issue the court
made the following finding:

"At and during all the times herein mentioned the defendant Maurice Willard was and still is the owner and holder
of thirty-five shares of such capital stock, and of one certificate therefor theretofore duly and regularly issued by said
corporation, and numbered 598, and at the time of levying
of said assessment herein mentioned said shares of stock appeared on the corporate stock books of said corporation as
follows: 'Maurice Willard, Tr., for Alfred J. Willard,' and
said shares of corporate stock of said corporation still so
appeared on the corporate stock books of said corporation."

"This finding is challenged by the defendant as not supported by the evidence, and in his statement on motion for a new trial he contends that upon the evidence before the court it was shown that he was not at any time the owner or holder of any shares of the capital stock of the plaintiff, but that he held a certificate of stock therefor solely and only as trustee for Alfred J. Willard and not otherwise. At the trial of the cause it was stipulated that at all the times mentioned in the complaint the defendant held a certificate of stock of the plaintiff, of which the following is a copy:

" 'San Jose, California, March 19, 1896.

" 'This certifies that Maurice Willard, Trustee for Alfred J. Willard, is entitled to thirty-five shares (35) of the capital stock of the Union Savings Bank of San Jose, California, transferable only on the books of the bank in person, or by attorney, upon the surrender of this certificate properly indorsed, and after compliance with the conditions printed on its back.'

"It was also stipulated that the books of the plaintiff all show that the stock was issued to 'Maurice Willard, Trustee for Alfred J. Willard,' the same as shown in said certificate, and that the defendant was not at any time the owner or holder of any stock of the plaintiff except that represented and evidenced by said certificate.

"Upon these facts it must be held that the appellant was a stockholder of the plaintiff and liable to it for the amount of the assessment. His name is entered upon the books of the plaintiff as one of its stockholders, and a certificate of the ownership of the shares of stock so subscribed by him was issued and delivered to him. Whether he was an original subscriber for the shares of stock represented by said certificate, or had them transferred to him from one who was such original subscriber, is immaterial. The liability which attached to the original subscriber by virtue of his subscription is inseparable from the ownership of the stock. Upon causing its transfer to him upon the books of the plaintiff the defendant was substituted for such original subscriber, and thereafter held the stock upon the same conditions and subject to the same obligations as did such original subscriber. (*Visalia R. R. Co* v. *Hyde,* 110 Cal. 632, 52 Am. St. Rep. 136, [43

Pac. 10].) He thereby entered into a contractual relation with
the plaintiff, and is the person who is entitled to be recog-
nized as a stockholder by it and by its other stockholders for
the purpose of voting the said shares of stock, or at any
stockholders' meeting of the plaintiff, and to receive what-
ever dividends may be declared upon said stock. The addi-
tion of the words 'Trustee for Alfred J. Willard' does not
change his relation to the plaintiff, or bring Alfred J. Willard
into any relation with the plaintiff. The nature of the trust
between him and Alfred J. Willard, or the relation existing
between them, is not made to appear; but whatever such
relation may be, or whatever may be his duties as such
trustee, is a matter entirely outside of his relation to the
plaintiff. By having the stock issued to him he became one
of the stockholders of the plaintiff, and being the person in
whom the legal title to the stock is vested is the legal owner
thereof (*Market St. R. R. Co.* v. *Hellman*, 109 Cal. 571, [42
Pac. 225]), and the only person whom the plaintiff can recog-
nize as the holder of the stock so issued to him. If, by reason
of any agreement or relation with Alfred J. Willard, the
latter is the equitable owner of the stock, this fact is in no
respect available as a defense to the plaintiff's right to enforce
the collection of the assessment from him. Morawetz says
(second edition, volume 1, section 304) : 'The legal owner of
shares in a corporation is liable to the company for calls
made upon the shares though he be a trustee for another
person; and the beneficiary cannot be made responsible, for
he is not a party to the contract from which the liability for
calls arises.' (See, also, 3 Thompson on Corporations, secs.
3193, 3194; *Mitchell's Case*, L. R. 9 Eq. 366.)

"Section 322, Civil Code, upon which the appellant relies,
has no application to an action by the corporation against
its stockholders for the recovery of an assessment upon the
stock held by them. The provisions of that section are lim-
ited to actions against stockholders by creditors of the cor-
poration to recover the proportional amounts of their lia-
bility for the obligations of the corporation; and the exemp-
tion therein which is relied upon by the appellant is by its
express language limited to proceedings to 'charge the stock-
holders with any proportion of the debts or liabilities of the

corporation.' The present action, as before shown, is not upon the statutory liability of the defendant for the debts of the plaintiff, but is upon his subscription for the stock and his contract to pay the plaintiff for the same. The liability of the defendant to the creditors of the corporation for his proportion of their claims against the corporation, and his liability to the corporation for the unpaid portion of his subscription, are entirely distinct, and rest upon different principles.' (*Visalia R. R. Co.* v. *Hyde,* 110 Cal. 632, [52 Am. St. Rep. 136, 43 Pac. 10].) *Welles* v. *Larrabee,* 36 Fed. 866, also cited by the appellant, did not present the question of the liability of a trustee upon his subscription for the stock, but involved the construction of section 5152, Revised Statutes [U. S. Comp. Stats. 1901, p. 3465]. That section provides that 'persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to *any* liabilities as stockholders.' The defendant therein was a naked trustee for the real owner of the stock, and was shown to have no interest in it.''

The foregoing opinion was prepared by Mr. Justice Harrison shortly before the expiration of his term as presiding justice of this court, but as the other members of the court had not, at his retirement, fully satisfied themselves of the correctness of his views, the opinion was not filed.

After careful consideration of the question involved we are satisfied that the opinion as prepared by Mr. Justice Harrison contains a correct statement of the law applicable to the case, and we therefore adopt it as the opinion of this court.

In addition to the authorities cited by Mr. Justice Harrison we cite, as sustaining the rule that a trustee, recorded as such on the corporate books, is liable for the unpaid subscription price of stock, 1 Cook on Corporations, fifth edition, section 245.

The judgment and order are affirmed.

Kerrigan, J., and Cooper, P. J., concurred.