[Civ. No. 367.  First Appellate District.—October 16, 1907.]

# UNION SAVINGS BANK OF SAN JOSE, Respondent, v. TOB. RINALDO, Appellant.

BANKS—INSOLVENT SAVINGS BANK—BANK COMMISSIONERS—END OF GOING CONCERN—ASSESSMENT UPON UNPAID STOCK—SALE—ACTION.—An insolvent savings bank, which is in the hands of the bank commissioners, is ended as a going concern. Though its directors may levy an assessment upon its unpaid capital stock to liquidate its indebtedness and wind up its affairs, there is no stock to sell to pay the assessment, and the only remedy for its enforcement is by action.

ID.—SUFFICIENCY OF COMPLAINT TO SUPPORT JUDGMENT.—*Held*, that in the absence of any demurrer to the complaint, or objection taken in any manner to any defect or redundant and immaterial matter in the complaint, it states a sufficient cause of action upon the assessment upon its unpaid stock against the defendant to support the judgment appealed from.

ID.—SUFFICIENCY OF EVIDENCE—IMMATERIAL FINDING—WAIVER OF SALE —MATERIAL FINDING NOT ASSAILED—ELECTION OF ACTION.—The insufficiency of the evidence to sustain a finding that a sale of the stock was waived, on the ground that the evidence shows that the waiver was ineffectual, because made after the advertised time of sale has expired, is immaterial where the only material finding, that the directors elected to proceed by action, is not assailed.

ID.—SUPPORT OF FINDING—AFFIDAVIT OF PUBLICATION—ABSENCE OF CERTIFICATE OF SECRETARY—OBJECTION WAIVED—ERROR NOT SHOWN.—An affidavit of publication of the notice of assessment admitted in evidence over a general objection is sufficient to support a finding of the publication of the notice of assessment, where the only ground of insufficiency of the evidence urged is that the affidavit was not certified to by the secretary of the corporation, which objection was waived by not having been urged as a ground of its inadmissibility; and where the affidavit of publication is not set forth in the record upon appeal, no error is shown in admitting it which could be considered upon appeal.

ID.—ADJOURNED MEETING OF DIRECTORS—ORDER TO COLLECT BY SUIT— ABSENCE OF TWO DIRECTORS—FINDING NOT ASSAILED.—An objection that two directors were absent from an adjourned meeting when the order was made to collect by suit, and that the order was void, is not tenable, where the finding that the board of directors, by a resolution and order duly made, given and entered upon the corporate minutes and records, elected to proceed by action, etc., is not assailed for insufficiency of the evidence to support it.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

C. D. Wright, for Appellant.

E. M. Rea, and Heney & Cobb, for Respondent.

COOPER, P. J.—Action to recover the amount of an assessment levied upon the capital stock of plaintiff to the extent of the *pro rata* due upon the number of shares owned by defendant.

The case was tried by the court, and findings filed, upon which judgment was entered for plaintiff. This appeal is from the judgment and order denying defendant's motion for a new trial.

There is no question raised as to the judgment being the legal conclusion from the facts found, nor is there any claim that the court erred in any ruling during the trial.

It has been repeatedly held that the plaintiff being insolvent, its directors may assess the shareholders on the unpaid capital stock for the purpose of liquidating the indebtedness and winding up its affairs. (*Union Sav. Bank* v. *Dunlap*, 135 Cal. 628, [67 Pac. 1084]; *Union Sav. Bank* v. *Leiter*, 145 Cal. 696, [79 Pac. 441]; *Union Sav. Bank* v. *Willard*, 4 Cal. App. 690, [88 Pac. 1089].) Defendant was a shareholder, and has not paid the assessment or call upon which the action is based.

It is claimed that the complaint does not state facts sufficient to constitute a cause of action. It states that plaintiff is an insolvent corporation; that the amount of its capital stock is ten thousand shares of the par value of $100 each, and that defendant is the owner of fifty-five shares thereof; that the whole of the capital stock has not been paid up, and that it is indebted to its depositors and other creditors in the sum of over $500,000; that its board of directors duly made an order levying an assessment of $10 per share upon its capital stock payable immediately to its secretary at its banking-house in the city of San Jose, and fixed June 26, 1899, on which the unpaid assessments should be delinquent; that notice of said assessment was duly published for four suc-

cessive weeks in the "San Jose Daily Herald," and sent through the United States mail to each stockholder, including the defendant, postage prepaid, addressed to each stockholder at his place of residence; that no part of defendant's assessment has been paid, and the amount thereof is $550; that an order was duly made by the board of directors for the collection of said delinquent assessments by action.

No demurrer to the complaint was filed, and the court's attention was not in any way called to any defect in it. No objection appears to have been made to the evidence when offered, and the question is raised here for the first time. We therefore hold the complaint sufficient under the record before us. In fact, the main criticisms in regard to it relate to redundant and immaterial matter therein.

It is claimed that the evidence is insufficient to sustain two of the findings, and we can consider only those two findings in regard to the specifications wherein it is claimed that the evidence is insufficient. The first specification is directed to finding 12. It appears from the record that the board of directors had, in the first place, proceeded to advertise the delinquent assessments, under the provisions of the various sections of the code, with a view to selling the shares of capital stock in order to recover the assessments. Finding 12 is to the effect that the board of directors passed a resolution to waive further proceedings for such collection by a sale of the delinquent shares, and elected to proceed by action to recover the amount of the assessments; that the assessment on the delinquent stock of defendant, with costs and expenses, amounted to the sum of $552.75. The specification of insufficiency is directed to the fact that the resolution was wholly insufficient as a waiver of the right to sell, because the sale had been advertised to take place at 1:30 P. M. of August 12, 1899, and the resolution was made at 2 o'clock P. M., after the time advertised for the sale. In our opinion the finding in the respects in which it is said the evidence fails to support it is wholly immaterial. The corporation being insolvent, and in the hands of the bank commissioners, it had ended; it was no longer a going concern, and there was nothing to sell. (*Bank of National City* v. *Johnston,* 133 Cal. 185, [65 Pac. 383]; *Union Savings Bank* v. *Dunlap,* 135 Cal. 628, [67 Pac. 1084].) The material part of the finding is that the board of directors elected to proceed by action to recover

the amount of the assessment. This part of the finding is not attacked in the specification.

The second specification is directed to finding numbered 7, which sets forth a copy of the notice of assessment, and finds that such notice was published in the "San Jose Daily Herald." The specification points out that the evidence is insufficient to sustain the finding for the reason "that the affidavit offered to prove said fact was never certified by the secretary of said corporation in order to entitle it to admission as evidence in this cause." If it is the law that the affidavit in such case "must be certified by the secretary of the corporation," defendant should have objected to the introduction of the affidavit when it was offered in evidence because not so certified. If the court in such case had overruled the objection and exception had been taken, the ruling could be reviewed as an error of law, but the affidavit, even if erroneously admitted, is evidence, and it does not follow that evidence does not support a finding because improperly admitted. We find in the bill of exceptions that when the affidavit was offered in evidence it was objected to upon the ground that it was "incompetent, immaterial and irrelevant, and not admissible under the pleadings in this case." The court's attention was not called to the fact that the affidavit was not certified by the secretary of the corporation. Not only this, but the affidavit is not set forth in the bill of exceptions, and we fail to find it in the record. In such case we could not pass upon its admissibility, even if the question were properly before us.

It is claimed that the meeting of the directors of August 12, 1899, was an adjourned meeting, and that two of the directors were not present, and hence the order to collect the assessment by suit is void. The court finds that "the said board of directors, by a resolution and order, duly made, given and entered upon the corporate minutes and records, elected . . . to proceed by action to recover the amount of such assessments, etc." There is no specification as to the portion of the finding quoted, and we are bound by it.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.