[Civ. No. 2150.  Second Appellate District.—October 29, 1917.]

## LA HABRA OIL COMPANY (a Corporation), Respondent, v. IRA J. FRANCIS, Appellant.

CORPORATIONS—ASSESSMENT—INABILITY OF TRUSTEE.—A stockholder is liable in a suit by a corporation for an assessment although the corporation knew the stock was held by defendant as trustee for third persons.

ID.—NOTICE OF DIRECTORS' MEETINGS—BURDEN OF PROOF.—The burden of proving insufficiency of notice to a director of a directors' meeting is on the stockholder who claims and relies on the insufficiency.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shank, Judge.

The facts are stated in the opinion of the court.

Oscar C. Mueller, Alfred Wright, and Wm. W. Lovett, Jr., for Appellant.

Heney & Carr, and William F. Adams, for Respondent.

JAMES, J.—This was an action to enforce payment of an assessment levied by the plaintiff corporation.  The appeal is taken from a judgment rendered in accordance with the prayer of the complaint.

The appellant held the stock upon which the assessment was levied as trustee for other persons.  In the stipulation of facts upon which the case was decided there appears this recitation: ''That at the time of the issuance of said certificate No. 133 and the delivery thereof to the defendant, plaintiff knew that the defendant held the stock represented by said certificate as trustee for other persons, a list of whose names was given to plaintiff at the time of the issuance of said certificate.''  The main contention upon which we are asked to reverse this judgment is that, as the assessment levied upon the stock held by defendant was an assessment to pay debts of the corporation, no personal liability therefor existed as against this defendant, but that the right to enforce payment of the assessment other than by sale of the stock rested in the corporation only as against the persons for whom defendant was acting as trustee.  In other words, that

a trustee stockholder where he has disclosed to a corporation the names of persons whom he represents is not liable personally to the corporation on account of assessments. We do not believe that either the statute law or the decisions support this contention. It is true that by our code the creditors of a corporation may not proceed to enforce the stockholders' liability against pledgees or trustees. It is expressly provided in such cases that the equitable owner, and not the trustee, is liable. (Civ. Code, sec. 322.) Section 313 of the same code provides that whenever a pledgor or beneficial owner fails to represent stock at a stockholders' meeting, the trustee may vote it. Our supreme court has declared that a trustee must be deemed the legal owner of the stock and "as against the corporation and all the world, except his *cestui que trust,* no inquiry may be had touching his actions in the premises." (*Market Street Ry. Co.* v. *Hellman,* 109 Cal. 571, [42 Pac. 225].) At common law a trustee of stock sustained full liability, even though he was recorded on the books as not being the actual owner of the same, and such is the uniform rule except where modified by statute. (1 Cook on Corporations, 6th ed., sec. 244 et seq.) We have cited the chief modifications of that rule as expressed in our statute, which do not go to the extent of relieving a trustee stockholder from liability to the corporation. The district court of appeal for the first district decided in the case of *Union Sav. Bank* v. *Willard,* 4 Cal. App. 690, [88 Pac. 1098], that a person holding stock as trustee was liable for calls upon the subscription contract made as assessments. That case, we think, is directly in point here. Counsel for appellant insist that because the stock was not fully paid there and because the assessment was virtually upon the subscription contract, the case should be distinguished from this, which was for the collection of money for the purpose of paying debts of the corporation generally. This argument is pressed because of provisions of section 322 of the Civil Code, cited above. We think that the provisions of that section only relieve the trustee stockholder where creditors seek to enforce the statutory liability in payment of their debts. As between the corporation and its legal stockholders, this section does not purport to limit the right to enforce assessments, and whether those assessments be in the nature of calls upon the unpaid subscription contract or strictly as

assessments under the statute for the purpose of securing money with which to pay corporate debts, we think immaterial.

One point further is made by the appellant. It is insisted that insufficient notice was given of the special meeting of the directors at which the resolution levying the assessment was adopted. In the stipulation of facts it appears that the by-laws of the corporation provided that special meetings of the directors might be called "by the president or vice-president, by giving not less than one day's notice." It appeared further in the stipulation that four of the five directors were actually present and acted. The stipulation showed that the secretary had mailed notices, with postage prepaid, to each of the five directors "at least one day before the time set for the meeting; the notice to L. Teatsworth was deposited in the United States postoffice at Pasadena, California, addressed to him at his residence in Los Angeles, California." It is claimed that these facts show that insufficient notice was given to Teatsworth, the absent director, for the alleged reason that it appears that the notice to Teatsworth was deposited in the mails the day before the date of the meeting. Conceding that the mailing of the notice on the day preceding the meeting would not be sufficient where the mailing was made in Pasadena and the director lived in Los Angeles, nevertheless no showing is made that this notice was mailed precisely on the day preceding—it may have been mailed several days before. The burden is upon the appellant to affirmatively show that insufficient notice was given. (*Stockton C. H. & A. Works* v. *Houser,* 109 Cal. 1, [41 Pac. 809]; *Balfour-Guthrie Co.* v. *Woodworth,* 124 Cal. 169, [56 Pac. 891]; *Sferlazzo* v. *Oliphant,* 24 Cal. App. 81, [140 Pac. 289].) The stipulation of facts here shows that four of the directors assembled at the time stated for the special meeting and that the resolution levying the assessment was thereat duly adopted.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.