(No. 4814. September 12, 1927.)

F. M. BYBEE and ROBERT PETERSON, Copartners, Doing Business Under the Firm Name and Style of BYBEE GROCERY, Appellants, v. D. W. STANDROD & COMPANY, a Corporation, E. W. PORTER, Commissioner of Finance of the State of Idaho, and K. L. SCOTT, His Deputy, Respondents.

[260 Pac. 157.]

BANKS AND BANKING—INSOLVENT BANK—PURPOSE OF STATUTE TO SEQUESTER ASSETS—RIGHT TO SUE AND BE SUED—COMPLAINT MUST STATE CAUSE OF ACTION.

1. The purpose of Laws 1921, chap. 42, is to sequester the assets of an insolvent bank and place them for purposes of liquidation in the hands of the commissioner of finance, to be by him administered for the benefit of all claimants, such method of liquidation to be exclusive.

2. Under Laws 1921, chap. 42, secs. 3, 11, the commissioner of finance, liquidating an insolvent bank, cannot as such be sued

on claim against it, and it can be sued only on permission by him or on his rejecting a claim presented against it.

3. Complaint against bank, being liquidated by commissioner of finance, to state cause of action, must allege either permission from him to so sue or presentation to and rejection by him of claim, one or the other of which facts is necessary under the statute to authorize the action.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Suit against insolvent bank to recover deposits. Judgment for defendants. *Affirmed.*

G. F. Hansbrough and Chas. E. Harris, for Appellants.

There was no estoppel. The appellants were not estopped by filing a general claim with the receiver from afterward filing a special claim and prosecuting the same for a preference, or from bringing a suit on the claim for fraud and deceit. (*Raynor v. Scandinavian American Bank,* 122 Wash. 150, 25 A. L. R. 716, 210 Pac. 499.)

A creditor by filing a general claim and receiving dividends is not estopped from asserting a right to a preferential payment in the absence of showing of prejudice. (*Wuerpel v. Commercial Germania Trust & Savings Bank,* 238 Fed. 269, 151 C. C. A. 285; *Raynor v. Scandinavian American Bank, supra.*)

Deposits received by a bank hopelessly and knowingly insolvent are fraudulent due to the bank's misrepresentations of solvency by its remaining open for business, and may be recovered by the depositor in an action. (*Raynor v. Scandinavian American Bank, supra.*)

Paul T. Peterson, for Respondents.

The action of the commissioner of finance, in allowing or rejecting a claim and placing its order of priority is final,

Publisher's Note.

See Banks and Banking, 7 C. J., sec. 480, p. 727, n. 2 New.

unless an action be brought by the claimant against the bank or trust company in the proper court of the county where the bank or trust company is located within ninety days after service by the commissioner of notice, fixing the amount of the claim and its order of priority, or either. (Sess. Laws, chap. 42, sec. 11.)

T. BAILEY LEE, J.—This is a suit to recover deposits alleged to have been accepted by defendant bank while insolvent. The facts appear to be substantially as follows: On November 26 and 27, 1923, respectively, appellants deposited in the defendant bank certain sums of money. The bank closed its doors on November 28th following, was taken over as insolvent by defendant commissioner of finance, and is still in process of liquidation. Appellants having no knowledge that the bank was insolvent at the time the deposits were made filed their claim for such amounts on February 23, 1924, which was duly allowed by the commissioner under chap. 42, sec. 13, Sess. Laws 1921. Later on, about November 1, 1924, appellants learned that the bank at the time it received the deposits and for a considerable time theretofore was and had been hopelessly insolvent to the actual knowledge of its officers and directors. Whereupon they withdrew their claim as filed and brought this suit direct. A general demurrer to the amended complaint having been sustained, and appellants having refused to plead further, judgment of dismissal was entered. From that judgment this appeal has been taken.

[1] The controlling question in this case is whether or not chap. 42, Sess. Laws 1921, provides an exclusive method of recovery by a claimant against an insolvent bank in the hands of the bank commissioner. Section 3 of the act declares that the posting of the notice of the commissioner shall place the assets of the bank in the possession of the commissioner, and shall operate as a bar to "any attachment or any other legal proceedings against such *bank* or its assets, and no valid lien or *claim* can be acquired or created, or transfer or assignment made in any manner, binding or *affecting*

any of the assets of such bank or trust company after the posting of such notice or after taking possession of any bank or trust company by the commissioner, without his consent.''

The purpose of this act was clearly to sequester the assets, and place them for purposes of liquidation in the hands of a statutory trustee, to be by him administered for the benefit of all claimants. (*Argues v. Union Savings Bank*, 133 Cal. 139, 65 Pac. 307.) And the method of liquidation prescribed by the statute is exclusive of any other. This is apparent from the language of the act itself and the decisions of the California court construing similar statutes. In *People v. Superior Court*, 100 Cal. 105, 34 Pac. 492, the court reviewing section 11 of the bank commissioner's act denied the right of independent suit to a claimant in the following terms:

''We have no doubt that this section was intended by the legislature to provide for every case involving the winding up of the business of a banking corporation.''

The Georgia court, under a similar statute, reached the same conclusion in *Berrin County Bank v. Alexander*, 28 Ga. App. 55, 110 S. E. 311.

[2, 3] Under the terms of chap. 42, *supra*, an action affecting the assets may be brought against the bank only after permission given by the commissioner. To this prohibition there is one exception given by section 11 which authorizes direct suits by claimants against the bank, but this right to sue is expressly conditioned upon a prior presentation and rejection by the commissioner of the claim sued upon. Nowhere in the act is there any provision that the commissioner can be sued, as a commissioner, upon a claim; especially for former malefactions of the bank officials. He may unquestionably be sued individually for breaches of his trust, but that is not the case here. Had appellants, upon discovery of the alleged fraud, filed with the commissioner their claim setting up their right to the fund now sued for, a rejection would have supported a suit against the bank, but none against him. The complaint fails to state either a permission to sue or a previous rejection,

and so failing states no cause of action against either defendant.

The judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.