WILLIE T. RUSS, as Administratrix of the Estate of J. W. Russ, Deceased, *Plaintiff in Error*, v. F. M. GOLSON, as Receiver of the Peoples Bank of Marianna, a corporation, *Defendant in Error*.

136 So. 506.

En Banc.

Opinion filed August 7, 1931.

Petition for rehearing denied September 19, 1931.

*John H. Carter* and *John H. Carter, Jr.,* for Plaintiff in Error;

*Carter, Solomon & Pierce, for* Defendant in Error.

MATHEWS, Commissioner:—This is a suit brought by the receiver of a closed bank to enforce the double liability imposed by Section 6059 (4128) Compiled General Laws of Florida, 1927. Final judgment was entered for plaintiff and defendant sued out writ of error. The legal representative of the deceased stockholder sought to avoid payment under Section 6059 (4128) Compiled General Laws of Florida, 1927, by setting forth in several pleas a payment made before the bank closed by the stockholder pursuant to an assessment ordered by the Comptroller to restore impaired capital under Section 6077 (4146) Compiled General Laws of Florida, 1927.

The material question for determination is whether a stockholder may apply payment made to restore impaired capital against his liability imposed by Section 6059 (4128) Compiled General Laws of Florida, 1927.

The assessment ordered by the Comptroller for the purpose of making good impaired capital stock is as follows:

"ERNEST AMOS
                                                Comptroller.
"STATE OF FLORIDA
COMPTROLLER'S OFFICE
TALLAHASSEE
                        March 14, 1925.

"TO THE OFFICERS, DIRECTORS AND STOCK-HOLDERS OF THE PEOPLES BANK OF MARI-ANNA:

"Examinations of your bank made by the State Bank Examiners, showing that your capital stock is impaired and the classification of assets showing losses to the extent that the full amount of the shareholders' liability is needed to make good the losses sustained and restore the capital stock and fully take care of said impairment and make the bank sound and solvent, you are hereby notified to call upon each and every shareholder of record to pay in an amount equal to the amount of the par value of the shares held by them for the purpose of restoring the impaired capital.

"This notice is given in accordance with Sections 4146 and 4128 of the Revised General Statutes.

Very truly yours,<br>Ernest Amos,

G/h                                    Comptroller."

Section 6077 (4146) Compiled General Laws of Florida, 1927, relating to making good impaired bank stock is as follows:

"Every banking company which shall have failed to pay up the capital stock as required by law, and every banking company whose capital stock shall have become impaired by losses or otherwise, shall upon receiving notice thereof from the Comptroller pay the deficiency in the capital stock by assessment on the stockholders pro rata for the amount of the capital stock held by each. If any such company shall fail to pay up its capital stock and shall refuse to go into liquidation as provided by law within the time mentioned in the notice from the Comptroller a receiver may be appointed to close up the business of the company according to the provisions of section 6102."

And Section 6059 (4128) Compiled General Laws of Florida, 1927, relating to double liability of stockholders is as follows:

"Stockholders of every banking company shall be held individually responsible equally and ratably and not for one another for all contracts, debts and engagements of such company to the extent of the amount of their

stock therein at the par value thereof in addition to the amount invested in such shares, Persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to any liability as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in trust funds would be, if living and competent to hold the stock in his own name.''

Section 4146 and 4128, Revised General Statutes of 1920, set forth above are substantially the same as the Federal statutes on the same subject, 5205 and 5151 R. S., U. S. C. A. Tit; 12, Banks & Banking, Sections 55 and 63, and we may conclude that our Legislature had the Federal Law before it when considering this legislation. McNeill v. Pace, 69 Fla. 349, 68 So. 177; Chavous v. Gornto, 89 Fla. 12, 102 So. 754.

Assessment of bank stock to make good impairment of capital, and double liability of stockholders subserve entirely distinct and wholly different purposes. One is an incident of operation; the other is an incident of liquidation. Citizens Bank v. Needham, 120 Kan. 523, 244 Pac. 7, 45 A. L. R. 1202. The one is the price paid for the privilege of continuing in business (Delano v. Butler, 118 U. S. 634, 7 S. Ct. 39, 30 L. Ed. 260) ; a stock liability (Citizens Bank v. Needham, supra) ; in the nature of a reinvestment in stock (Duke v. Force, 120 Wash. 599, 208 Pac. 67, 23 A. L. R. 1354) : the other is an individual liability; it does not arise except in case of liquidation, and is enforced for the benefit of creditors of the bank. Citizens Bank v. Needham, supra; Delano v. Butler, supra.

If the question stated be answered in the affirmative, it would follow that in every case payments made by stockholders for the purpose of restoring the impaired capital could be considered as credits on the ultimate individual responsibility of stockholders, and the whole efficiency of the provisions of Section 4128, Revised General Statutes of

1920, for the protection of the creditors of the bank at the time of liquidation would be destroyed. The obligations of the shareholders under the two sections are entirely diverse; and payments made under Section 4146, Revised General Statutes of 1920, cannot be applied to the satisfaction of the individual responsibility secured by Section 4128, Revised General Statutes of 1920. Delano v. Butler, supra.

It is contended by the plaintiff in error that the stockholder was misled and deceived, by the order of the comptroller of March 14, 1925, for assessment, into the belief that payment to the extent of the assessment ordered would be in fulfillment and discharge of all liability under both sections.

The order of the Comptroller under date of March 14, 1925, does in fact refer to Section 4128, Revised General Statutes of 1920, but it is quite clear that the notice or order of the Comptroller of March 14, 1925, was for the purpose of causing impaired capital stock to be made good.

A stockholder in making good impaired capital stock in an operating bank is not relieved of future liability on his stock because of any misunderstanding, misinformation, belief or intention on his part or on the part of bank officials or state officials that he will be so relieved. Delano v. Butler, supra; Page v. Jones, 7 Fed. (2d) 541; Citizens Bank v. Needham, supra; Duke v. Force, supra.

No error has been made to appear, and the judgment of the court below is affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and adjudged by the Court that the judgment of the court below be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.