FORS v. THOMAN.

1. BANKS AND BANKING—RECEIVERS—JURISDICTION—STOCKHOLDERS' LIABILITY SUIT.

Constitutional rights of bank stockholders were not affected by the bringing of suit to enforce their statutory liability in county in which receivership proceedings were pending rather than county in which they resided (3 Comp. Laws 1929, § 11945).

2. SAME—MARRIED WOMAN'S LIABILITY AS STOCKHOLDER.

Liability of bank stockholders is imposed by statute, not by contract, and statutes relating to personal liability of a married woman are not applicable in suit for enforcement by bank receiver against wife as joint owner (3 Comp. Laws 1929, § 13071).

3. SAME—STATUTORY LIABILITY OF STOCKHOLDER—ESTOPPEL—MAR-
     RIED WOMEN.
        Married woman is estopped to deny statutory liability on bank
            stock issued in the name of herself and husband without her
            having paid anything therefor where she thereafter indorsed
            and deposited dividend check in their joint account.

4. SAME—REORGANIZATION—ACTION.
        Suit to enforce bank stockholders' statutory liability may be
            maintained pursuant to court order requiring assessment where
            provision with reference to proceeds of assessment in plan of
            reorganization subsequently approved by court recognized, pre-
            served and continued said liability.

5. SAME—REORGANIZATION—REASSESSMENT.
        Contention by defendants that if compelled to pay bank stock
            assessment they will be required, under reorganization agree-
            ment, to continue as stockholders in the reorganized bank and
            be again subject to liability is without merit as they cannot
            be compelled to accept such stock.

Appeal from Ingham; Warner (Glenn E.), J.,
presiding.   Submitted April 19, 1934.   (Docket
No. 27, Calendar No. 37,521.)   Decided June 4, 1934.

Bill by Carl A. Fors, receiver of the American
State Savings Bank, against Frederick J. Thoman
and wife to enforce payment of bank stockholders'
liability.   Decree for plaintiff.   Defendants appeal.
Affirmed.

*Kelley, Sessions, Warner & Eger,* for plaintiff.

*Ernest C. Smith,* for defendants.

NELSON SHARPE, C. J.   The plaintiff was appointed
receiver of the American State Savings Bank by the
circuit court for the county of Ingham, in chancery,
on February 6, 1932, on petition of the State bank-
ing commissioner.   On October 7, 1932, the court,
on petition of the commissioner,—"and being of the

opinion that it is necessary in order to pay the liabilities of said bank that the statutory liability of the stockholders of said bank should be enforced,''— entered an order assessing the stockholders the amount of their stock at the par value thereof, payable 30 days thereafter, and directed the receiver to proceed with its collection. The order further provided:

"That the liability created by this assessment may be enforced by said receiver against the stockholders of said bank in suits at law and/or in equity."

On December 30, 1932, the bill of complaint herein was filed to enforce the payment of said assessment. The plaintiff had decree. The defendants have appealed therefrom.

There is no dispute about the facts. Frederick J. Thoman had been the owner of stock in the bank since the year 1915. In March, 1930, in order to permit certain stock to be sold to the Detroit Bankers' Company, he surrendered his certificate and, at his request, the balance of the stock was reissued in the name of "Frederick J. and/or Nettie Avery Thoman." It is conceded that Nettie Avery Thoman was the wife of Frederick J. Thoman, and had no knowledge that her name was placed in the certificate and paid no consideration to her husband therefor. In June, 1930, the bank issued a "dividend check" in the amount of $822, payable to "Frederick J. or Nettie Avery Thoman." This check came to their residence during the absence of Mr. Thoman, and she indorsed it and deposited it in a joint bank account in the city of Jackson, where they resided. Both she and her husband checked upon this account. Other dividend checks were later received, payable to the same persons, and indorsed and deposited by Mr. Thoman in the joint account.

The defendants were residents of the county of Jackson at the time the suit was instituted. After service upon them, they moved to dismiss for the reason that the chancery court had no jurisdiction of the subject-matter as set up in the bill of complaint. The statute which imposes the liability upon stockholders (3 Comp. Laws 1929, § 11945) provides:

"Such liability may be enforced in a suit at law or in equity by any such bank in process of liquidation, or by any receiver, or other officer succeeding to the legal rights of said bank."

The purpose of the legislature in providing that suits to enforce such liability might be brought at law or in equity seems apparent. It was deemed advisable that the liability of stockholders should be determined by the court in which the receivership proceedings were pending. Otherwise, the anomaly might be created of a finding of liability in one circuit court and denial of it in another. Of course, review in this court might be had, but by the provision in the statute an orderly proceeding was provided under which the receiver and the rights of creditors would not be burdened by the expense of unnecessary litigation and decision rests in the court in which the proceedings were pending. We cannot find that the constitutional rights of the defendants have been affected thereby.

Counsel insists that under the facts as stated no personal liability rests upon the defendant Nettie Avery Thoman. Our statutes relating to the personal liability of a married woman, as many times construed by this court (*Kies* v. *Walworth,* 250 Mich. 34; *Seymour* v. *Powers,* 255 Mich. 624), are not here applicable. The liability of a stockholder in a bank is imposed by the statute. It was created for the

protection of the creditors of the bank. Although in a limited sense there is an element of contract when one becomes a stockholder, the liability for an assessment is based on the provisions of the statute.

In 3 R. C. L. p. 402, it is said:

"Where the statute in general terms imposes upon the stockholders of a bank liability for its debts, a married woman who owns stock in a bank is not exempt on account of coverture from such liability. She incurs liability by virtue of the statute as owner of the stock and not by contract, and where she is capable of becoming a stockholder her liability does not depend upon her general power to contract."

See, *Christopher* v. *Norvell*, 201 U. S. 216 (26 Sup. Ct. 502, 5 Ann. Cas. 740), and cases cited therein; *Thomas* v. *Commonwealth Trust Co. of Pittsburgh*, 2 Fed. Supp. 654.

It is urged that her husband caused this stock to be issued in their joint names in order to create an estate in joint tenancy therein with the right of survivorship (3 Comp. Laws 1929, § 13071), and that, as she paid nothing for it, she should not be held liable for the assessment. It appears, however, that a dividend thereon, payable to "Frederick J. or Nettie Avery Thoman," was received and indorsed and deposited by her in a bank in which they kept a joint account, and that other similar checks were so deposited by her husband.

In *Keyser* v. *Hitz*, 133 U. S. 138 (10 Sup. Ct. 290), in which it was sought to hold a married woman liable for stock in a bank, which her husband, an officer of the bank, had caused to be issued in her name, of which fact she claimed to have had no knowledge, but admitted that she had indorsed the checks for dividends issued thereon, the court said (p. 149):

"If she indorsed them, or either of them, she is estopped to say that she did not know their contents, and was not the owner of the shares of stock upon which the dividends were declared; for each check discloses upon its face that it was payable to her order, and was for dividends on stock standing in her name on the books of the bank."

See, also, *Sanger* v. *Upton,* 91 U. S. 56; *Clarke* v. *Kelley* (C. C. A.), 19 Fed. (2d) 920.

While the bank was in process of liquidation, the banking law was amended by Act No. 8, Pub. Acts 1932 (Ex. Sess.), which was given immediate effect. Acting under it, the banking commissioner filed a "petition for reorganization," stating therein that 85 per cent. of the deposit liability had joined in a plan of reorganization, a copy of which was annexed thereto, and that he believed "it to be to the best interests of those interested in said bank that the same be given effect." An order to show cause was duly made and published, and on the hearing thereof on March 13, 1933, the court entered an order approving the plan, confirmed the appointment of the trustees under the voting trust agreement, and directed that the assets of the bank in the hands of the receiver be held in abeyance until the further order of the court. On April 19th following, an order was entered directing the receiver to transfer to the directors of the bank all of the assets in his hands except—"all causes of action now held by said receiver against stockholders of said bank by virtue of an order of assessment against said stockholders dated October 7, 1932," and certain other causes of action.

Section 65a of Act No. 8 provides that if the court approves the plan of reorganization and such plan provides for an assessment upon the stockholders

and the court shall deem an assessment necessary to satisfy the debts of the bank, it shall include in its order provisions therefor. The plan of reorganization recited that an assessment upon the stockholders had been ordered by the court and that "if said bank is reorganized the avails of such assessment shall be paid into said reorganized bank for the use and benefit of the depositors."

Notwithstanding this recital and the approval of the plan by the court, and the provision in the order of April 19th for the retention by the receiver of all causes of action for the collection of the assessments ordered on October 7th, defendants' counsel insists that, as the order affirming the plan of reorganization did not in specific terms provide for an assessment, this suit may not be maintained. In discussing this question, the trial court said:

"The order approving the plan for reorganization recognized, preserved and continued the liability of the stockholders for the assessment as fixed by the order of October 7, 1932. Such recognition was as valid as would have been the ordering of a new assessment, when the court approved the reorganization plan."

In this we think he was clearly right. The plan of reorganization relied upon the collection of the assessment, and the order of the court approving it reserved to the receiver the right to bring action therefor. Counsel concedes that a supplemental order might have been made. In our opinion it was unnecessary to do so.

It is also urged that, if the defendants be compelled to pay the assessment, they will be required under the reorganization, to which they did not consent, to continue as stockholders in the reorganized

bank and be liable as such. Counsel for the plaintiff fittingly answer this contention by saying:

"If stock in the new bank is ever offered to them they cannot be compelled to and need not accept it, in which event there can be no liability imposed upon them."

The decree is affirmed, with costs to the plaintiff.

POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.