**SCHRAM v. COLLINS.**
**No. 1164.**

District Court, E. D. Michigan, S. D.
Dec. 27, 1939.

Robert S. Marx, Carl Runge, and Roy G. Holmes, all of Detroit, Mich., for plaintiff.

Monaghan, Crowley, Clark & Kellogg, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

Plaintiff, B. C. Schram, is receiver of the First National Bank-Detroit, an insolvent National Banking Association, engaged in winding up the business of said bank. In accordance with the provisions of the National Bank Act, the Comptroller of the Currency levied and made an assessment and requisition upon the stockholders of the bank for $25,000,000, to be paid on or before July 31st, 1933. The history of this bank is fully set forth in Barbour v. Thomas, 6 Cir., 86 F.2d 510. Also see Gillespie v. Schram, 6 Cir., 108 F.2d 39, decided December 7th, 1939.

In accordance with these decisions, each stockholder in the Detroit Bankers Company is liable for payment of $14.055775 per share on said stock toward this assessment.

The 90 shares of Detroit Bankers stock involved in this suit arose from the exchange of 60 shares of the capital stock of Peoples Wayne County Bank in the early part of 1930, standing in the names of Thomas J. Collins and Mary W. Collins, and a written agreement and authority for the exchange of said 60 shares of Peoples Wayne County Bank stock for said 90 shares of Detroit Bankers Company stock was signed in October, 1929, by said Thomas J. Collins, and by the defendant Mary W. Collins.

Following the death of her husband, Thomas J. Collins, on February 14th, 1933,

the defendant Mary W. Collins became the administratrix W. W. A. of his estate in April, 1933, under order of the Probate Court for Wayne County, Michigan. On or about April 8th, 1933, she filed an inventory of all of the property of the said estate, under oath, which inventory did not include said 90 shares of Detroit Bankers stock.

Twelve dividends were issued on said 90 shares of Detroit Bankers stock, between March 31st, 1930, and December 31st, 1932, all payable to Thomas J. Collins and Mary W. Collins. Some or all of these dividend checks were endorsed by the defendant Mary W. Collins, and at least some of them were deposited in a personal bank account of the defendant, Mary W. Collins.

With the exception of one parcel of real estate specifically devised to a trustee, the rest and residue of the Estate of Thomas J. Collins, deceased, passed to the defendant, Mary W. Collins.

The defendant, Mary W. Collins, at no time disclaimed or refused ownership of the said 90 shares of Detroit Bankers Company stock.

Ninety shares of Detroit Bankers Company stock represent 12.6502 shares of the capital stock of First National Bank-Detroit, against which the Comptroller of the Currency levied a 100% assessment on May 16th, 1933. Barbour v. Thomas, D.C., 7 F.Supp. 271, affirmed 6 Cir., 86 F.2d 510, certiorari denied, 300 U.S. 670, 57 S.Ct. 513, 81 L.Ed. 877.

There is no Michigan law which prohibits a married woman from becoming the owner of national bank stock, or other assessable stock, and since Section 64, Title 12, U.S.C.A., does not except a married woman from the operation of its provisions, coverture is no defense to this action for a stock assessment thereunder. Section 64, Title 12, U.S.C.A.; Keyser v. Hitz, 133 U. S. 138, 10 S.Ct. 290, 33 L.Ed. 531; Christopher v. Norvell, 201 U.S. 216, 26 S.Ct. 502, 50 L.Ed. 732, 5 Ann.Cas. 740; Keyser v. Milton, 5 Cir., 228 F. 594; Taylor v. American National Bank, D.C., 2 F.2d 479.

First National Bank-Detroit failed to meet its obligations on February 14th, 1933, J. S. Bache & Company v. Schram, Receiver, Equity Case No. 6525, Eastern District of Michigan, Southern Division.[1]

The said 90 shares of Detroit Bankers Company stock were held by the said Thomas J. Collins and Mary W. Collins, his wife, in effect as an estate by entireties, and upon the death of said Thomas J. Collins on February 14th, 1933, the defendant Mary W. Collins became the sole owner, by survivorship, of said stock, and was the sole owner thereof when the assessment was levied on May 16th, 1933. Section 13071, Compiled Laws Michigan 1929; Hiller v. Olmstead, 6 Cir., 54 F.2d 5; Com'r of Internal Revenue v. Hart, 6 Cir., 76 F.2d 864.

The defendant is estopped to deny liability for the assessment pertaining to said 90 shares of Detroit Bankers Company stock, because:

(1) She voluntarily acquired the same with her husband, in 1930, with full rights of survivorship under, and subject to the incidents of, Section 13071, Compiled Laws Michigan 1929, and thereafter knowingly exercised the privileges and obtained the benefits of such ownership.

(2) Upon the death of her husband, she failed to list the same in her sworn inventory as administratrix W. W. A. of his estate, thereby proclaiming that the estate did not own such shares.

(3) She, at no time, disclaimed or refused ownership of said shares.

In re Smith's Estate, 282 Mich. 566, 276 N.W. 554; Bicknell v. Hemmeter, 289 Mich. 544, 286 N.W. 823.

Had the assessment in this case been levied prior to the death of Thomas J. Collins, the plaintiff would have been entitled to a joint judgment for the same against the said Thomas J. Collins, and the defendant Mary W. Collins, with respect to said 90 shares of Detroit Bankers Company stock, which judgment (personal service having been had on both defendants) would have been enforceable against their several and/or joint properties. Fors v. Thoman, 267 Mich. 148, 255 N.W. 297; Sect. 14513 et seq., Compiled Laws Michigan 1929; Sect. 14554, Compiled Laws Michigan 1929; Sect. 14049, Compiled Laws Michigan 1929.

The defendant is liable to the plaintiff for the assessment liability pertaining to said 90 shares of Detroit Bankers Company stock.

---

[1] No opinion for publication.

Plaintiff may have the interest it has demanded, namely, 5% from July 31st, 1933. Bowden v. Johnson, 107 U.S. 251, 2 S.Ct. 246, 27 L.Ed. 386.

A judgment may be entered in accordance with these findings.